IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACQUELYN ECHOLS,<br><br>  Plaintiff,<br><br>   v.<br><br>GEORGIA PIEDMONT TECHNICAL COLLEGE, et al.,<br><br>  Defendants. | CIVIL ACTION FILE<br>NO. 1:20-CV-2794-TWT |

### ORDER

   This is an employment discrimination action. It is before the Court on the Report and Recommendation [Doc. 33] of the Magistrate Judge recommending granting in part and denying in part the Defendants' Motion to Dismiss [Doc. 4] and certifying a question of law to the Georgia Supreme Court. The Plaintiff is an African-American woman over the age of sixty who has worked as a college educator for many years. In January 2013, she was hired to administer Georgia Piedmont Technical College's (hereinafter "GPTC") adult education program. The adult education program is funded primarily through federal grants.  Its sources of revenue are independent of GPTC's general revenue and are accounted for separately from other program budgets. On May 30, 2018, Dr. Echols received a letter from the interim president of GPTC stating that her position had been eliminated due to a reduction in force and that her employment would be terminated effective July 1, 2018. The

T:\ORDERS\20\Echols\20cv2794\r&r.docx

Plaintiff appealed the reduction in force decision to the commissioner of the Technical College System of Georgia but the appeal was denied. Before her termination was effective, Dr. Echols learned that GPTC was seeking to hire an administrator for the adult education program, the very position she occupied and that was subject to the reduction in force. Dr. Echols applied for the position that she was currently holding. The position was awarded to a white female who was substantially younger than Dr. Echols and with substantially less experience in running an adult education program. Dr. Echols then filed an EEOC charge alleging race and age discrimination. Dr. Echols alleges that the reduction in force was a sham and that the System had no lawful cause to terminate her employment. After receiving her notice of right to sue, Dr. Echols timely filed suit in the Superior Court of DeKalb County Georgia against the Defendants. The Defendants removed the matter to this Court on July 2, 2020. The Defendants then filed a motion to dismiss all of the Plaintiff's claims with the exception of her Title VII race discrimination claim.

Judge Baverman's Report and Recommendation provides a thorough analysis of the legal issues raised by the Defendants' partial motion to dismiss. The Plaintiff's only objections relate to (1) the recommendation that the Court certify the question of whether the state of Georgia has waived its state law sovereign immunity as to claims under the Age Discrimination in Employment Act and (2) the recommendation that the Court administratively close this case

pending an answer to the certified question.

The Plaintiff contends that certification of the question of whether the state of Georgia waived its sovereign immunity on ADEA claims is not appropriate. I agree. A federal court has discretion whether or not to certify a question of state law to a state's highest court. *See, Schorr v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 90831* 2 (M.D. Ga. 2009). The Eleventh Circuit has encouraged district courts to use a state's certification procedure if permitted under state law and where appropriate. *See, Pittman v. Cole*, 267 F. 3d 1269, 1289 (11th Cir. 2001). However, a question should only be certified on an issue of unsettled state law. *Lehman Brothers v. Schein*, 416 U.S. 386, 390-91 (1974). And only when the case turns on resolution of the unsettled state law issue. *See, City of Marietta v. CSX Transp., Inc.*, 196 F. 3d 1300, 1309 (11th Cir. 1999) (certifying a state law question to the Georgia Supreme Court because the case turned on the state law issue); *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1268 (11th Cir. 2003) ("Substantial doubt about a question of state law upon which a particular case turns should be resolved by certifying the question to the state supreme court.").

In this case the question of whether the state of Georgia has waived its sovereign immunity as to ADEA claims is not outcome determinative of the case. Nor is it even outcome determinative of the Plaintiff's ADEA claim. The proposed certified question only concerns whether the Plaintiff is entitled to money damages if she establishes at trial that her age was a substantial factor

in her termination. As Judge Baverman correctly noted, the state's sovereign immunity defense does not preclude an order requiring the individual Defendants (sued in their official capacities) to reinstate the Plaintiff under the Ex Parte Young doctrine. The Court sustains this objection to the Report and Recommendation. The Motion to Dismiss is denied as to the ADEA claims.

The Defendants object to the Report and Recommendation to the extent that it found that the Defendants are still potentially subject to prospective injunctive relief on the Plaintiff's age discrimination claims asserted through Section 1983. The Defendants request that this portion of the Report and Recommendation be overruled on the grounds that Congress intended for the ADEA to be the exclusive remedy for such claims. It is not clear to me that the Plaintiff intends to pursue relief under Section 1983. So, I overrule this objection as premature.

For the reasons set forth above, I decline to adopt the portions of the Report and Recommendation recommending certifying a question to the Georgia Supreme Court and administratively closing this case. Otherwise, I approve and adopt the Report and Recommendation as the judgment of the Court. The Defendants' Motion to Dismiss [Doc. 4] is GRANTED in part and DENIED in part.

SO ORDERED, this 9 day of March, 2021.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge